**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| M AMMAR ALKATIB, | CASE NO. 1:18-CV-02859-JG |
| Plaintiff, | JUDGE JAMES S. GWIN |
| v. | **DEFENDANTS' MOTION TO STAY** |
| | **PROCEEDINGS AND COMPEL** |
| PROGRESSIVE PARALEGAL SERVICES, *et al.*, | **ARBITRATION AND FOR AN** |
| | **EXTENSION OF TIME TO RESPOND** |
| | **TO PLAINTIFF'S AMENDED** |
| Defendants. | **COMPLAINT** |

NOW COME Defendants Progressive Paralegal Services, Global Progressive Services, LLC (fka "Progressive Paralegal Services, LLC"), Fadi Kayyali, Inc., Rola El-Saadi, and Fadi Kayyali (jointly "Defendants"), by and through undersigned counsel, and hereby request that this Honorable Court stay the instant proceedings and compel arbitration of this case pursuant to the agreement between the parties dated July 1, 2017.  Defendants further request that this Honorable Court extend Defendants' time to respond to Plaintiff's Complaint pending a ruling on the instant Motion.

## I.    RELEVANT FACTS

Plaintiff M. Ammar Alkatib filed the instant action on December 12, 2018. Plaintiff amended his Complaint on February 15, 2019.  Plaintiff's Amended Complaint asserts nine Counts against Defendants, including 1) Fraudulent Inducement/Fraud, 2) Breach of Contract, 3) Promissory Estoppel, 4) Failure to Pay Wages in Violation of FLSA and Ohio Wage Laws, 5) Failure to Make Timely Wage Payments in Violation of FLSA and Ohio Wage Laws, 6)

Retaliation in Violation of the FLSA and Ohio Wage Laws, 7) Unjust Enrichment, 8) Wrongful Termination in Violation of Public Policy, and 9) Intentional Infliction of Emotional Distress.

Each of Plaintiff's claims relate to an alleged employer/employee relationship between Plaintiff and Defendants.  Plaintiff claims he was employed by Defendants in or around July 2017.  (Amend. Compl. at ¶30.)  On July 1, 2017, the parties executed an Employment Agreement (the "Agreement"), which provides, in pertinent part:

> 15. **Settlement by Arbitration**. Any claim or controversy that arises out of or relates to this agreement, or the breach of it, shall be settled by arbitration in accordance with the rules of the American Arbitration Association. Judgment upon the award rendered may be entered in any court with jurisdiction.

(*See* Agreement, attached hereto as Ex. A.)

Pursuant to this Agreement, Defendants now seek to stay the current proceedings and enforce the arbitration clause.

## II.    LAW AND ARGUMENT

Section 2 of the Federal Arbitration Act ("FAA") provides, in pertinent part:

> "a [written provision in any] contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

9 U.S.C. § 2.

Congress enacted the FAA "to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24, 114 L.Ed.2d 26 (1991). The Supreme Court has noted that the FAA promotes a "'liberal federal policy favoring arbitration agreements." *Id.* at 25; *quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 74 L.Ed.2d 765 (1983).

In recent history, the Supreme Court has confirmed that the FAA can be invoked to enforce, pursuant to prior agreement, the arbitration of federal statutory claims, unless Congress has otherwise "evinced an intention to preclude a waiver of judicial remedies" for such, and to enforce any arbitration agreement which may be contained in an employment contract, other than an employment contract involving transportation workers. *See Gilmer*, 500 U.S. at 26; *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119, 149 L.Ed.2d 234 (2001).

The determinative factor of whether an arbitration provision can be enforced to settle a dispute is the existence of a contract between the parties demonstrating that they intended for such to be the case. *Stepp v. NCR Corp.*, 494 F. Supp. 2d 826, 831 (S.D. Ohio 2007); *citing Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 314 (6th Cir.2000).

In the instant case, the parties' intention to be bound by the arbitration provision is clear, as the parties executed the Agreement, which unambiguously requires that any "claim or controversy that arises out of or relates to this agreement" be settled by arbitration. Plaintiff's claims unquestionably "arise out of or relate" to the Agreement because each claim states allegations related to Plaintiff's alleged employment relationship with the Defendants. As such, this Honorable Court should stay the instant proceedings and compel arbitration in accordance with the Agreement.

Defendants further request that this Honorable Court extend Defendants' date to respond to Plaintiff's Complaint until this Court makes a ruling on the instant Motion.

### III.   CONCLUSION

For the foregoing reasons, this Honorable Court should grant Defendants' Motion to Stay Proceedings and Compel Arbitration.

Respectfully submitted,

*/s/ Ziad K. Tayeh*
Ziad K. Tayeh (0088027)
TAYEH LAW OFFICES, LLC
11509 Lorain Avenue
Cleveland, OH 44111
Phone: (440) 580-0365
Fax: (440) 359-8755
ziadtayeh@tayehlaw.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2019, a true and correct copy of the foregoing Motion to Stay Proceedings and Compel Arbitration and for an Extension of Time to Respond to Plaintiff's Amended Complaint was served on Plaintiff's counsel via the Court's electronic filing system.

*/s/ Ziad K. Tayeh*
Ziad K. Tayeh (0088027)
TAYEH LAW OFFICES, LLC
Attorney for Defendants