UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
: 
M. AMMAR ALKATIB,                                :
:      Case No. 1:18-cv-2859
      Plaintiff,                             :
:
vs.                                              :      OPINION & ORDER
:      [Resolving Doc. 27]
PROGRESSIVE PARALEGAL               :
SERVICES, LLC, *et al.*,                         :
:
      Defendants.                         :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this employment case, Defendants ask the Court to stay the litigation and compel arbitration of Plaintiff M. Ammar Alkatib's claims. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to stay this case and compel arbitration.

## I. Background

Plaintiff Alkatib alleges that Defendants hired him as an international sales associate and agreed to pay him roughly $72,000 per year.[1] He further claims that Defendants failed to pay him and then, when he confronted Defendants in October 2018, they fired him.[2] Alkatib now seeks unpaid wages and related damages.

For their part, Defendants allege that Defendant Progressive Paralegal Services, LLC agreed to help Alkatib with his immigration application and provided him with office space in exchange for Alkatib's occasional consultation.[3] However, Defendants claim that

---

[1] Doc. 22 ¶¶ 29–30.
[2] *Id.* ¶¶ 33–38.
[3] Doc. 12 at 15.

Plaintiff never provided the promised consultation and misrepresented his immigration background.[4] Accordingly, they seek the return of the money they spent on his application and the value of the office space.

Initially, Defendants adamantly denied that they had hired Alkatib as an international sales associate or promised him an annual salary.[5] Now, Defendants submit Plaintiff's employment agreement (the "Agreement") proving they did just that. Defendants claim they "simply forgot about the existence of the Agreement."[6]

The employment Agreement says that "[a]ny claim or controversy that arises out of or relates to this agreement, or the breach of it, shall be settled by arbitration."[7] Defendants now ask the Court to stay this case and require Alkatib to arbitrate his claims.[8]

## II. Discussion

If a case involves claims that the parties previously agreed to arbitrate, the Federal Arbitration Act requires the Court to stay those claims and compel arbitration.[9] Here, the parties agree that they are required to arbitrate claims relating to the Agreement.[10] However, they disagree as to: (i) whether Defendants waived their right to compel arbitration and (ii) which claims are covered by the arbitration clause.[11]

### A. Arbitration Waiver

In keeping with the Supreme Court's ever-increasing affection for arbitration, "waiver of the right to arbitration is not to be lightly inferred."[12] A party waives his right to

---

[4] *Id.* at 15–16.
[5] *E.g., id.* at 4.
[6] Doc. 30 at 1.
[7] Doc. 27-1 at 2.
[8] Doc. 27. Plaintiff opposes. Doc. 28. Defendants reply. Doc. 30.
[9] 9 U.S.C. §§ 3, 4.
[10] *See* Docs. 27, 28.
[11] *Id.*
[12] *Johnson Assoc's. Corp. v. HL Operating Corp.*, 680 F.3d 713, 717 (6th Cir. 2012).

arbitrate if he: (i) takes actions completely inconsistent with any reliance on an arbitration agreement and (ii) prejudices the opposing part by delaying his assertion of the right.[13]

Here, Defendants acted inconsistently with an agreement to arbitrate. They filed not one, but two answers in this case.[14] Neither mentions an arbitration agreement.[15] Worse still, in both, they insisted that the very Agreement they now rely upon did not exist.[16] Defendants told the Court the same at the case management conference. Finally, Defendants filed counterclaims.[17]

Defendants' counterclaims, their failure to raise arbitration in their answers, and their repeated denials that the Agreement even existed, are inconsistent with arbitration.[18]

However, Defendants fare better on the second question. Simply put, Defendants' delay in moving to compel arbitration—while inexplicable—did not prejudice Plaintiff. Defendants' motion comes only three months into the litigation, the parties have not filed any other motions, and it appears that little to no discovery has occurred.[19] Accordingly, the Court concludes that Defendants have not waived arbitration.

### B. The Arbitration Clause's Scope

The question, then, is which of the parties' fourteen claims relate to the Agreement.

---

[13] *Id.* Both elements are required. *Shy v. Navistar Intern. Corp.*, 781 F.3d 820, 828 (6th Cir. 2015).

[14] Docs. 6, 12.

[15] *Johnson,* 680 F.3d at 718 ("[A] defendant's failure to raise arbitration as an affirmative defense shows his intent to litigate rather than arbitrate.").

[16] This is particularly troubling. By submitting their answers, Defendants certified that, after a reasonable inquiry, "the[ir] denials of factual contentions [were] warranted on the evidence." Fed. R. Civ. P. 11(b)(4). The idea that Defendants would forget this less-than-two-year-old contract existed is implausible. As is the idea that Defendants—who are relatively small entities—would have been unable to find the contract had they done the inquiry required.

[17] Doc. 12. *See Johnson,* 680 F.3d at 718 (filing counterclaims was inconsistent with an intent to arbitrate).

[18] *See Johnson,* 680 F.3d at 718 (holding that a party acted inconsistently with the arbitration right because it failed to raise arbitration in its answer, asserted a counterclaim, and actively scheduled and requested discovery).

[19] *See id.* at 720 (holding that the delay had prejudiced plaintiff where more than eight months had passed, there had been numerous scheduling motions, court-supervised settlement discussions, and discovery); *Aqualucid Consultants, Inc. v. Zeta Corp.*, 721 F. App'x 414, 418 (6th Cir. 2017) ("Without discovery or any significant advancement in the litigation, Plaintiffs likely wasted relatively few resources on unnecessary litigation due to Defendants' delay.") (internal quotation marks omitted).

The Agreement requires that: "[a]ny claim or controversy that arises out of or relates to this agreement, or the breach of it, shall be settled by arbitration."[20]

Quite obviously, Plaintiff's Counts I–V and VII–IX relate to the Agreement. These counts all concern Defendants' alleged breach. In contrast, none of Defendants' counterclaims relate to the Agreement (they concern a different agreement altogether). The parties seem to concede both points.[21]

Where the parties disagree, however, is on Plaintiff's Count VI. Alkatib alleges that Defendants filed their counterclaims as unlawful retaliation for the claims in his first complaint.[22] Put simply, this cause of action arises from Defendants' counterclaims and those counterclaims do not relate to the Agreement. Accordingly, Plaintiff's Count VI is not arbitrable.

However, because the Court believes that Defendants' counterclaims and Plaintiff's Count VI are factually intertwined with the arbitrable claims, the Court will stay these claims as well.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to stay and compel arbitration. Accordingly, Plaintiff is **ORDERED** to arbitrate his claims (except for Count VI). This case is **STAYED** pending arbitration.

IT IS SO ORDERED.

Dated: March 20, 2019    *s/    James S. Gwin*
    JAMES S. GWIN
    UNITED STATES DISTRICT JUDGE

---

[20] Doc. 27-1 at 2.
[21] Doc. 28 at 6–9; Doc. 30 at 7.
[22] Doc. 22 at 12–13.

-4-