UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

| | | |
|---|---|---|
| M. AMMAR ALKATIB, | : | |
| | : | Case No. 1:18-cv-2859 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 37 & 38] |
| PROGRESSIVE PARALEGAL | : | |
| SERVICES, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On December 12, 2018, Plaintiff Ammar Alkatib sued Defendants, his former employers, alleging fraud, breach of contract, and violations of the Fair Labor Standards Act, among other things.[1] On March 1, 2019, Defendants moved to compel arbitration under 9 U.S.C. § 2, as each of the Plaintiff's claims fell within an arbitration agreement in his employment contract with Defendants.[2] The Court agreed and ordered the parties to arbitrate the majority of their claims on March 20, 2019.[3] An arbitrator rendered a decision on April 22, 2020, awarding Plaintiff damages for breach of contract, unpaid wages and liquidated damages under the Fair Labor Standards Act, attorney's fees and expenses, and interest, totaling $200,388.76.[4] On April 29, 2020, Plaintiff asked this Court to confirm and enforce this award.[5] Defendants missed the May 11, 2020 deadline to respond and never

---

[1] Doc. 1.
[2] Doc. 27.
[3] Doc. 32.
[4] Doc.33-5.
[5] Doc. 33.

Case Nos. 1:18-cv-2859
Gwin, J.

filed a late response.  The Court accordingly deemed any of the Defendants' objections waived and enforced the award on June 23, 2020.[6]

On August 21, 2020, at Plaintiff's request,[7] the Clerk of the Court issued a Certificate of Judgment Lien Upon Lands and Tenements against Defendants.[8]  Defendants then responded on September 1, 2020, for the first time since Plaintiffs moved to enforce the arbitration award more than four months earlier.[9]  Defendants alleged that they had changed counsel around the time of the arbitration proceedings, and thereafter never received notice of the final arbitration award or any of the subsequent proceedings in this Court to enforce it.[10]  Defendants also claimed that they notified Plaintiff of their change in counsel at the time, attaching related email correspondence.[11]  On those grounds, Defendants moved to stay execution of the Judgment Lien until they can obtain new counsel.[12]  Plaintiff opposed the motion,[13] and Defendants replied.[14]

Defendants do not identify the basis for their motion in the Federal Rules of Civil Procedure.  Based on the content of their motion, they intend to seek relief under Rule 60(b) from the Court's June 23, 2020 order enforcing the arbitration award, which is the basis for the Judgment Lien.

---

[6] Doc. 34.
[7] Doc. 35.
[8] Doc. 36
[9] Docs. 37 & 38.
[10] *Id.*
[11] Doc. 42-1.
[12] Docs. 37 & 38.
[13] Doc. 40.
[14] Doc. 42.

Case Nos. 1:18-cv-2859
Gwin, J.

But even if the stay Defendants request were granted, any Rule 60(b) motion they would file would be meritless.  The Rule allows a party to seek relief from a judgment or order on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

In moving for a stay, Defendants do not allege fraud, newly discovered evidence, or that the judgment is void, invalid, or already satisfied.  Instead, Defendants request relief based on the fact that their change of counsel, their initial counsel's failure to withdraw from the case, and other administrative oversights caused them not to receive notice of the arbitration award and its enforcement in this Court until more than four months after the award was issued.  Defendants argue that Plaintiff knew that they had changed counsel and should have provided them with copies of the award and subsequent motions to enforce it.

Unfortunately for Defendants, their argument runs directly contrary to governing law.  Parties before this Court have an affirmative duty to monitor their case dockets and provide up-to-date contact and representation information to the Court.[15]  In discharging this duty, parties are not entitled to depend on receiving email notifications from the ECF system.[16]  Nor may they be excused because of errors or

---

[15] *Yeschick v. Mineta*, 675 F.3d 622, 629–30 (6th Cir. 2012).
[16] *Id.* at 630.

Case Nos. 1:18-cv-2859
Gwin, J.

dereliction of duty on the part of their attorneys.[17]  Least of all should a party be entitled to rely on his adversary to help him keep up with case filings.  Because Defendants' lack of knowledge regarding the progress of the case is directly attributable to their own omissions and the omissions of their counsel, Defendants cannot demonstrate excusable neglect to justify issuance of relief from the Judgment Lien.[18]  Nor have Defendants provided any other compelling reason to grant relief from the Judgment under Rule 60(b)(6).

## ORDER

The Court **DENIES** Defendants' motion to stay enforcement of the Judgment Lien.

IT IS SO ORDERED

Dated:  September 29, 2020                    s/      James S. Gwin
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[17] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership.*, 507 U.S. 380, 397 (1993).
[18] *Yeschick*, 675 F.3d at 630.