IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| M AMMAR ALKATIB | ) Case No. 1:18-cv-02859 |
| | ) |
| *Plaintiff*, | ) Judge James S. Gwin |
| | ) |
| -vs- | ) |
| | ) **DEFENDANTS' MOTION** |
| PROGRESSIVE PARALEGAL | ) **TO STAY PENDING APPEAL** |
| SERVICES, LLC., *et al*. | ) |
| | ) |
| *Defendants*. | ) |
| _____ | ) |

Now come Defendants by and through counsel, and ask this Honorable Court to stay all proceedings pending Defendants' appeal of the Court's September 29, 2020 Order [Doc #45] denying Defendants' Motion to Stay Order of Lien Judgment Upon Lands and Tenement and Motion to Amend Previous Motion to Stay Order for Lien Judgment Upon Lands and Tenement; for the reasons set out in the Brief in Support attached.

                                            Respectfully submitted,

                                            ___/s/ *Nancy C. Schuster*_____
                                            NANCY C. SCHUSTER #0020690
                                            Schuster & Simmons Co. L.P.A.
                                            2913 Clinton Avenue
                                            Cleveland, Ohio 44113
                                            (216) 348-1100 (Telephone)
                                            (216) 348-0013 (Facsimile)
                                            ss@apk.net (E-mail)

                                            *Counsel for Defendants / Counter-Claimants*

**BRIEF IN SUPPORT**

Under Fed. R. Civ. P. 62(b)[1] a party may obtain a stay any time judgment is entered by providing a bond or other security. Fed. R. Civ. P. 62(b); *see United States v. Church*, No. 19-1528, 2019 U.S. App. LEXIS 22620, at *1 (6th Cir. July 30, 2019).

Fed. R. Civ. P. 62(f), Stay in Favor of Judgment Debtor Under State Law, provides that "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give."

O.R.C. 2329.02 and .03 provide that a judgment debtor is bound by a lien (which may be stayed pending appeal) upon filing a supersedeas bond. "[T]he court has no discretion to deny the stay itself, but only to fix the amount of (or to waive) the bond." *Linneman v. Vita-Mix Corp.*, No. 1:15-cv-748, 2019 U.S. Dist. LEXIS 204824, at *5 (S.D. Ohio Nov. 26, 2019) (quoting *Buckhorn Inc. v. Orbis Corp.*, No. 3:08-cv-459, 2014 U.S. Dist. LEXIS 122677, 2014 WL 4377811, at *1 (S.D. Ohio Sept. 3, 2014)).

---

[1] Rule 62 of the Federal Rules of Civil Procedure was significantly revised in December 2018. Before those amendments, Rule 62(d) provided that an "appellant" could "obtain a stay by a supersedeas bond" to prevent the execution of a money judgment pending appeal. Fed. R. Civ. P. 62(d) (2017); *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (applying former Rule 62(d)). After the 2018 revisions, Rule "62(b) carries forward in modified form the supersedeas bond provisions of former Rule 62(d)." Fed. R. Civ. P. 62, advisory committee's note to 2018 amendment. The new Rule 62(b) now states that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b) (eff. Dec. 1, 2018).

This Court entered judgment against Defendants on September 29, 2020 by denying Defendants' Motion to Stay Order of Lien Judgment Upon Lands and Tenement [Doc #45]. This Court found "[b]ased on the content of their motion, [Defendants] intend to seek relief under Rule 60(b) from the Court's June 23, 2020 order enforcing the arbitration award. * * * The Court DENIES Defendants' motion to stay enforcement of the Judgment Lien.".

Defendants may obtain a stay by providing a bond determined by the Court.

WHEREFORE, Defendants ask this Honorable Court to stay all proceedings pending Defendants' appeal of the Court's September 29, 2020 Order denying Defendants' Motion to Stay Order of Lien Judgment Upon Lands and Tenement [Doc #45].

Respectfully submitted,

/s/ Nancy C. Schuster
NANCY C. SCHUSTER #0020690
Schuster & Simmons Co. L.P.A.
2913 Clinton Avenue
Cleveland, Ohio 44113
(216) 348-1100 (Telephone)
(216) 348-0013 (Facsimile)
ss@apk.net (E-mail)

*Counsel for Defendants / Counter-Claimants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October, 2020, the foregoing has been electronically filed. Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's system.

          /s/ Nancy C. Schuster
NANCY C. SCHUSTER #0020690

*Counsel for Defendants / Counter-Claimants*