UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------

: 
M. AMMAR ALKATIB, :
: Case No. 1:18-cv-2859
Plaintiff, : DISMISSAL ORDER
:
v. :
:
PROGESSIVE PARALEGAL :
SERVICES, LLC, *et al.*, :
:
Defendants, :
------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On December 12, 2018, Plaintiff Ammar Alkatib sued Defendants, his former employers, alleging fraud, breach of contract, and violations of the Fair Labor Standards Act, among other things.[1] On March 20, 2019, following Defendants' motion,[2] the Court ordered the parties to arbitrate their dispute except Plaintiff's retaliation claim and Defendants' permissive counterclaims.[3]

On April 22, 2020, an arbitrator awarded Plaintiff over $200,000 in damages and attorney's fees.[4] On June 23, 2020, the Court enforced that award after Defendants failed to contest it.[5]

On August 21, 2020, at Plaintiff's request,[6] the Clerk of the Court issued a Certificate of Judgment Lien Upon Lands and Tenements against Defendants' property.[7] On September

---

[1] Doc. 1.
[2] Doc. 27.
[3] Doc. 20.
[4] Doc. 33-5.
[5] Doc. 34.
[6] Doc. 35.
[7] Doc. 36.

Case No. 1:18-cv-2859
Gwin, J.

1, 2020, Defendants moved for relief from the judgment,[8] which the Court denied on September 29, 2020.[9]

On October 29, 2020, Defendants appealed and requested to stay the judgment pending appeal.[10] On November 20, 2020, this Court granted Defendants' stay pending appeal motion, provided that Defendants obtained a $300,000 supersedeas bond.[11]

Despite the appeal, Defendants never filed a brief in the Sixth Circuit.[12] Indeed, two months after their appeal was docketed, Defendants moved for an additional month-long extension on the day their appellant brief was due.[13] After receiving the extension, Defendants delayed a further month before voluntarily dismissing their appeal on January 27, 2021.[14]

Back in this Court, the docket remained inactive for months after the appeal dismissal. On March 24, 2021, because the parties had not prosecuted any of their remaining claims for over nine months, the Court ordered the parties to show cause why the remaining claims should not be dismissed for lack of prosecution under Federal Rule of Civil Procedure 41(b).[15]

On April 2, 2021, Plaintiff responded to the show cause order, claiming that Defendants had not made any contact with Plaintiff or made any other effort to pursue their

---

[8] Doc. 37; Doc. 38.
[9] Doc. 45.
[10] Doc. 46; Doc. 47.
[11] Doc. 54.
[12] *See* Sixth Circuit Docket, Case No. 20-4163.
[13] *Id.* at Dkt. Nos. 1, 10, 12.
[14] *Id.* at Dkt. Nos. 13, 17, 18.
[15] Doc. 57.

-2-

Case No. 1:18-cv-2859
Gwin, J.

years-old counterclaims.[16] Plaintiff claimed that Defendants instead have "engaged in a campaign to avoid their obligations to satisfy the judgment against them."[17]

Also on April 2, 2021, Defendants responded to the show cause order, acknowledging that they had reviewed Plaintiff's filing earlier that day. Defendants offered no explanation for why they have failed to pursue their counterclaims for nearly a year. Rather, Defendants merely stated that they had chosen new counsel and asked for 14 days "within which to inform the Court of [Defendants'] intent or not to proceed."[18]

Reviewing the record in this Court and the Sixth Circuit, the Court agrees with Plaintiff that Defendants have engaged in delay tactics since the adverse arbitration award to avoid satisfaction of the arbitration award judgment. Following the April 22, 2020 arbitration decision, Defendants made no Court filings for more than four months, responding only after the Court approved a judgment lien against them. Defendants then filed a meritless motion for relief from judgment, followed by a motion to stay this Court's judgment pending appeal. Together, these proceedings delayed any progress on Defendants' counterclaims two more months.

On appeal, Defendants made no meaningful effort to advance their case.[19] They simply wasted three months on briefing schedule extensions before voluntarily dismissing the appeal.

Following that voluntary appeal dismissal, Defendants again made no efforts to advance their counterclaims in this Court, leading to this Court's March 24, 2021 show cause

---

[16] Doc. 59.
[17] *Id.*
[18] Doc. 60.
[19] *See* Sixth Circuit Docket, Case No. 20-4163.

-3-

Case No. 1:18-cv-2859
Gwin, J.

order. Defendants' April 2, 2021 response made no attempt to explain the many litigation delays, instead simply requesting more time to decide whether Defendants will pursue their counterclaims at all.

Federal Rule of Civil Procedure 41(b) describes one part of this Court's inherent authority to manage its own docket. That power allows this Court to sanction parties even with dismissal "if the record demonstrates delay or contumacious conduct" by the party to be sanctioned.[20] The Sixth Circuit weighs four factors in determining whether dismissal is an appropriate sanction:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.[21]

The Court believes that all four factors are present here. First, the record demonstrates that Defendants themselves, as opposed to the various counsel they have substituted throughout this case's two-and-a-half-year history,[22] have at least negligently, and a worst intentionally, delayed these proceedings, especially after the adverse arbitration award. Second, these extensive delays are expensive, burdensome and prejudicial to Plaintiff, and serve no valid litigation purpose.

Third, this Court explicitly warned Defendants in its March 24, 2021 show cause order that failure to show good cause for these delays would result in dismissal of their counterclaims.[23] Defendants tellingly responded to that order not by explaining the delays

---

[20] *Mager v. Wis. Ctrl. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019).
[21] *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 955 (6th Cir. 2013).
[22] Doc. 24; Doc. 41; Doc. 43; Doc. 56; Doc. 58.
[23] Doc. 57 at 2.

-4-

Case No. 1:18-cv-2859
Gwin, J.

but by requesting a further extension to decide whether they would move forward with their counterclaims at all. Finally, the Court required a large supersedes appellate stay bond sanction on Defendants in partial recognition of Defendants' "past efforts to dodge their financial responsibility" under the arbitration award judgment.[24]

All told, the record in this case demonstrates a clear pattern of delay or contumacious conduct on behalf of Defendants themselves warranting a dismissal sanction. Accordingly, the Court hereby **DISMISSES** this case under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: April 14, 2021         *s/     James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[24] Doc. 49 at 2.